UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KEN JOHANSEN, individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>   v.<br><br>LIBERTY MUTUAL GROUP, INC.; and SPANISH QUOTES, INC. d/b/a WESPEAKINSURANCE,<br><br>                Defendants,<br>LIBERTY MUTUAL GROUP, INC.,<br><br>                Crossclaimant,<br><br>   v.<br><br>SPANISH QUOTES, INC. d/b/a WESPEAKINSURANCE,<br><br>                Crossdefendant,<br>LIBERTY MUTUAL GROUP, INC., LIBERTY MUTUAL INSURANCE COMPANY,<br><br>                Third-party Plaintiffs,<br><br>   v.<br><br>PRECISE LEADS, INC., and DIGITAS, INC.,<br><br>                Third-party Defendants | Civil Action No.  1:15-cv-12920-ADB |

## **MEMORANDUM AND ORDER**

BURROUGHS, D.J.

On December 8, 2016, the Court entered an order denying Third-Party Defendant Digitas, Inc.'s ("Digitas") motion to dismiss because it concluded that Plaintiff Ken Johansen's claims against Liberty Mutual were not mooted by the settlement offer. [ECF No. 123]. Currently pending before this Court is Digitas's motion for a certificate of appealability pursuant to 28 U.S.C. § 1292(b) and to stay the proceedings [ECF No. 124], which Johansen has opposed [ECF No. 130]. The Court held a hearing on the motion on February 28, 2017. [ECF No. 133]. For the foregoing reasons, the motion is <u>DENIED</u>.

Digitas seeks to certify the question of whether Johansen was provided all the relief requested in his Complaint and whether his claims are moot as a result. Section 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, [she] shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b). Thus, a non-final order is appealable when it (1) "involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and an appeal of it (3) "materially advance[s] the ultimate termination of the litigation." <u>Id.</u> "[I]nterlocutory appeals from a denial of a motion to dismiss" are strongly disfavored. <u>Caraballo-Seda v. Municipality of Hormigueros</u>, 395 F.3d 7, 9 (1st Cir. 2005); see also <u>Camacho v. P.R. Ports Auth.</u>, 369 F.3d 570, 573 (1st Cir. 2004) ("Section 1292(b) is meant to be used sparingly, and appeals under it are, accordingly, hen's-teeth rare.").

"[A] question of law is 'controlling' if reversal of the district court's order would terminate the action." Philip Morris Inc. v. Harshbarger, 957 F. Supp. 327, 330 (D. Mass. 1997) (quoting Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria, 921 F.2d 21, 24 (2d Cir. 1990)) (alteration in original). In denying Digitas's motion to dismiss, the Court found that Digitas was not able to show that it provided Johansen with all of the relief requested in the Complaint. It thus held that "the case is not moot, even assuming that providing complete relief would moot the case, and putting aside the policy considerations." Whether Johansen received all the relief requested is not a controlling question of law suitable for interlocutory appeal. "A controlling question of law usually involves 'a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine' rather than an application of law to the facts." S. Orange Chiropractic Ctr., LLC v. Cayan LLC, Civ. Action No. 15-13069-PBS, 2016 WL 3064054, at *2 (D. Mass. May 31, 2016) (quoting Ahrenholz v. Bd. of Trs. of Ill., 219 F.3d 674, 676 (7th Cir. 2000)). Here, the issue of the comprehensiveness of the relief provided to Johansen is not a controlling question of law, and involves both questions of fact and the application of law to facts. As a result, an interlocutory appeal, at this stage, involving the question of whether providing all relief requested moots a plaintiff's claim would not materially advance the ultimate termination of this litigation.

Accordingly, Digitas's motion for a certificate of appealability and to stay the proceedings [ECF No. 124] is DENIED.

**SO ORDERED.**

Dated: March 9, 2017                    /s/ Allison D. Burroughs
                                        ALLISON D. BURROUGHS
                                        U.S. DISTRICT JUDGE