| | |
|---|---|
| KEN JOHANSEN, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>LIBERTY MUTUAL GROUP, INC., and SPANISH QUOTES, INC. d/b/a WESPEAKINSURANCE,<br><br>    Defendants,<br><br>LIBERTY MUTUAL GROUP, INC.,<br><br>    Cross-Claimant,<br><br>v.<br><br>SPANISH QUOTES, INC. d/b/a WESPEAKINSURANCE,<br><br>    Cross-Defendant,<br><br>LIBERTY MUTUAL GROUP, INC., LIBERTY MUTUAL INSURANCE COMPANY,<br><br>    Third-Party Plaintiffs,<br><br>v.<br><br>PRECISE LEADS, INC., and DIGITAS, INC.,<br><br>    Third-Party Defendants. | **CIVIL ACTION**<br>**NO. 1:15-cv-12920-ADB** |

**MEMORANDUM OF LAW IN SUPPORT OF JOINT
MOTION BY LIBERTY MUTUAL, DIGITAS AND PRECISE LEADS
TO DISQUALIFY PLAINTIFF AS CLASS REPRESENTATIVE**

Defendant Liberty Mutual Group, Inc. ("Liberty") and Third-Party Defendants Digitas, Inc. ("Digitas") and Precise Leads, Inc. ("Precise Leads") submit this Memorandum in support of their motion to disqualify Plaintiff Ken Johansen as the representative of the classes described in the Complaint.

## INTRODUCTION

The putative classes of recipients of unwanted calls—none of whom sustained any actual damage but each of whom is a putative claimant for statutory damages alleged in the Complaint—could never be certified because the named Plaintiff, Ken Johansen, lacks the basic qualifications required of an appropriate class representative. Discovery has now shown that Plaintiff's individual claim under the Telephone Consumer Protection Act ("TCPA"), the only theory on which the putative class seeks relief, is defective because his claim is subject to the complete defense that he consented to receive calls – a circumstance that is not typical of other members of the class as pleaded in the Complaint. That alone makes Mr. Johansen inadequate as a class representative. This named Plaintiff also engaged systematically in the generation of TCPA claims, raising controversial and distracting issues peculiar to him. That, too, disqualifies him as a class representative.

A typical member of a putative TCPA class is simply a person whose privacy was allegedly invaded by multiple cold telephone solicitations. As explained below, Mr. Johansen is much different from that typical plaintiff. Mr. Johansen therefore should be disqualified as a class representative.[1]

### I. STATEMENT OF FACTS

**A.    Allegations of the Complaint**

   **1.    Telephone Marketing Calls to Plaintiff**

---

[1] If Mr. Johansen has a personal claim under the TCPA, that claim has been satisfied: an amount equal to the total damages to which he alleges personal entitlement has been deposited in an account in his name at Boston Private Bank. *See Cruz v. Farquharson*, 252 F.3d 530 (1st Cir. 2001); *Demmler v. ACH Food Cos., Inc.*, 2016 WL 4703875 (D. Mass. June 9, 2016).  Although this Court has found that his claim was not satisfied in ruling on Third-Party Defendant Digitas, Inc.'s motion to dismiss, Dkt. No. 123, the Court's rationale was based on the assumption that Liberty Mutual Group, Inc. would not be bound by an injunction against future calls. Liberty confirms that it would in fact be bound by any injunction barring future calls to Mr. Johansen.

The Complaint generally alleges that the Defendants violated the TCPA by initiating telemarketing calls to plaintiff after he (i) had registered his residential telephone number with the National Do-Not-Call Registry, and (ii) had requested that Liberty place him on its internal do-not-call list. The Complaint alleges that plaintiff received these calls on December 23, 2014, February 17, 2015, February 18, 2015, February 20, 2015 and March 16, 2015. *Complaint,* ¶¶ 35-75.

### 2. Class Allegations

The Complaint sets forth class action allegations, including the definition of two classes:

> 89. Class Definition. Pursuant to Fed. R. Civ. P. 23, Plaintiff brings this case as a class action on behalf of a National Classes defined as follows:
>
> > National Do-Not-Call Class: All persons in the United States to whom: (a) Defendants and/or any person or entity acting on Defendants' behalf initiated more than one telephone solicitation call; (b) promoting Defendants' goods or services; (c) in a 12-month period; (d) on their cellular telephone line or residential telephone line; (e) whose cellular or residential telephone line number(s) appear on the National Do-Not-Call registry; and (f) at any time in the period that begins four years before the date of filing this Complaint to trial.
>
> > Internal Do-Not-Call Class: All persons in the United States to whom: (a) Defendants and/or any person or entity acting on Defendants' behalf initiated more than one telephone solicitation call; (b) promoting Defendants' goods or services; (c) more than 30 days after requesting not to receive further calls; (d) in a 12-month period; (e) on their cellular telephone line or residential telephone line; and (f) at any time in the period that begins four years before the date of filing this Complaint to trial.

The Complaint also alleges compliance with the Rule 23 requirements for class actions, including the following:

> 92. Typicality. Plaintiff's claims are typical of the claims of the Classes. Plaintiff's claims, like the claims of Classes, arise out of the same common course of conduct by Defendants and are based on the same legal and remedial theories.

3

93. <u>Adequacy</u>. Plaintiff will fairly and adequately protect the interests of the Classes. Plaintiff has retained competent and capable attorneys with significant experience in complex and class action litigation, including consumer class actions and TCPA class actions. Plaintiff and his counsel are committed to prosecuting this action vigorously on behalf of the Classes and have the financial resources to do so. Neither Plaintiff nor his counsel have [sic] interests that are contrary to or that conflict with those of the proposed Classes.

**B.     Evidence Relating to Class Allegations**

**1.     Evidence Showing Plaintiff's Consent**

**a.  Evidence Showing Plaintiff Requested Quotes Concerning Auto Insurance**

Documents produced in discovery demonstrate that, on June 13, 2014, Plaintiff's wife Rita Johansen, or Plaintiff on behalf of his wife, filled out an online form requesting information regarding quotes for auto insurance at www.autoquotesdirect.com. Affidavit of Laura Greenberg-Chao ("Greenberg-Chao Aff."), Exhibits 1 and 2. The TCPA disclaimer on the form gave notice that following submission of the form the consumer may receive calls from a variety of insurance companies including Liberty, as well as many others. *Greenberg-Chao Aff.*, Exhibits 1, 2, and 3. The documents also specifically confirm that Ms. Johansen agreed to be contacted by telephone with auto insurance information at the telephone number she provided: 614-791-xxxx. *Greenberg-Chao Aff.*, Exhibit 1.

Plaintiff received telephone calls regarding auto insurance, on that same telephone number of 614-791-xxxx, and only after his wife submitted the form on June 13, 2014. *Greenberg-Chao Aff.*, Exhibit 4 at p. 5, Exhibit 5 at p. 6.

On each and every call alleged in the Complaint, the third-party caller referenced this request for a free auto insurance quote, and in each instance Mr. Johansen confirmed his interest in a quote. *Greenberg-Chao Aff.,* Exhibits 6-11.

4

### b. Plaintiff's Confirmation of Consent During the Calls

Plaintiff recorded all of the calls at issue and produced the recordings to Liberty in discovery. The transcripts of the calls to the number supplied by Mrs. Johansen – calls that were answered by Mr. Johansen – reveal that, in each of them, the third-party caller referenced plaintiff's interest in auto insurance quotes, and Mr. Johansen confirmed his interest when prompted. *Greenberg-Chao Aff.*, Exhibits 6-11. Only upon such confirmation by Mr. Johansen of interest in speaking to an insurance representative did the third-party caller transfer Plaintiff to Liberty. *Id.* For example, the call on December 23, 2014 began as follows:

> Plaintiff: Johansen's.
> Caller: Hi, may I speak with Ken?
> Plaintiff: This is he.
> Caller: Hi, this is Luca from Insurance Solutions. We received your request for an auto insurance quote.
> Plaintiff: Yes.
> Caller: What I would like to do for you now is ask you a few questions so I can transfer you to the right licensed agent to go over all of the applicable discounts and options for you. Okay?
> Plaintiff: Okay.
> Caller: Are you currently insured?
> Plaintiff: Yes, I am.
> Caller: Do you have 10 minutes to go over a quote with an agent now?
> Plaintiff: Ah, yeah, I can do that.

*Greenberg-Chao Aff.*, Exhibit 6.

Similarly, in the call on February 18, 2015, when asked if he was still interested in a free quote, Mr. Johansen responded: "Sounds like a good idea." *Greenberg-Chao Aff.*, Exhibit 8.

At his deposition, Mr. Johansen readily admitted that he "continually" confirmed his interest in auto insurance when he received the calls. *Greenberg-Chao Aff.*, Exhibit 12 at p. 69-70. Each time he was asked, Mr. Johansen agreed to be transferred to an insurance agent. *Id.* In the case of the December 23, 2014 call, Mr. Johansen even admitted that, in a call received two

hours earlier, he had "requested" an auto insurance quote, which, he then assumed, had precipitated the later call about which he now complains. *Greenberg-Chao Aff.*, Exhibit 12 at p. 90-91.

### 2. Evidence that Plaintiff Systematically Generates TCPA Claims

#### a. Plaintiff's System

The pattern of behavior reflected in Plaintiff's recordings reveals Mr. Johansen's plan to *induce* communications from an insurance company so he could bring this action. In December 2014, Mr. Johansen purchased a call recording device. *Greenberg-Chao Aff.*, Exhibit 12 at p. 18-19. The device automatically records every call that plaintiff receives. *Id.* at p. 19-20, 77. Mr. Johansen prepares and maintains a detailed log of the calls, which he updates after listening to the recordings of calls recently received. *Id*. at p. 40-48. He "repeatedly" answers calls from telemarketers rather than letting the calls go to his voicemail system. *Id*. at p. 49-51. Plaintiff answers the calls and then expressly consents to speak with an insurance representative because he plans to sue whomever he meets along the way. It is hardly surprising, then, to learn that Plaintiff receives 400 or more telemarketing calls in a year. *Greenberg-Chao Aff.*, Exhibit 12 at p. 43.

This litigious plan was formed before Plaintiff developed the current system. Mr. Johansen began filing TCPA small claims lawsuits in 2014. He admits he later began logging his calls because "[i]t became obvious after the first lawsuits that I needed to have a system that would allow control of the evidence." *Greenberg-Chao Aff.*, Exhibit 12 at p. 17-18, 44-45. When testifying about the December 23, 2014 call, Plaintiff stated that he "was thinking about a claim against this [caller] when the phone rang." *Id.*, at p. 101.

The plan developed by Mr. Johansen exploited the contradiction created by his registration on the National Do Not Call List and his wife's subsequent solicitation of information about auto insurance. Having solicited calls about auto insurance, Plaintiff is distinct from those members of the putative classes who (i) registered on the Do Not Call Lists and did not subsequently solicit calls, or (ii) told Liberty not to solicit them and then filled out a form requesting information. Instead of declining the call he had requested from third parties to provide him information about auto insurance, Mr. Johansen then agreed to speak directly with insurance representatives on the very subject his wife had solicited.

### b. Plaintiff's Lawsuits

Mr. Johansen has filed at least 5 TCPA class actions in federal district courts around the country, all of which arise from the same pattern that gave rise to this lawsuit:

- *Philip Charvat and Ken Johansen v. National Guardian Life Insurance Co.*, 3:15-cv-00043 (W.D. Wis.)

- *Ken Johansen v. GVN Michigan, Inc., et al.*, 1:15-cv-00912 (N.D. Ill.)

- *Ken Johansen v. HomeAdvisor, Inc., et al.*, 2:16-cv-00121 (S.D. Ohio)

- *Dianne Rice, Ken Johansen and Ricky Coleman v. Nationwide Mutual Insurance Co.*, 1-16-cv-03634 (N.D. Ga.)

- *Ken Johansen v. Mutual of Omaha Insurance Co.*, 1-16-cv-04108 (N.D. Ga.)

Mr. Johansen also has filed thirteen TCPA claims in the Municipal Court of Franklin County Ohio. *Greenberg-Chao Aff.*, Exhibit 13. None of those claims were purported class actions. Plaintiff pursued each of them for his individual benefit.

Plaintiff's cottage industry has borne some fruit. Mr. Johansen has received or will receive payments as a result of his TCPA lawsuits.[2] In a settlement of the *National Guardian Life* case, he is scheduled to receive $10,000 as a named plaintiff. In the Municipal Court cases, plaintiff has obtained several judgments in amounts ranging from $500 to $2,000. *Greenberg-Chao Aff.*, Exhibit 12 at p. 174-75, 185-188, 195.

## II. ARGUMENT

"**[D]**istrict courts have broad discretion to grant or deny class certification." *McCuin v. Sec'y of Health & Human Servs.*, 817 F.2d 161, 167 (1st Cir. 1987). Before certifying a class, the Court must evaluate whether the named Plaintiffs seeking class certification have satisfied their burden of proving all elements of Rule 23(a) and Rule 23(b). *Smilow v. Sw. Bell Mobile Sys., Inc.*, 323 F.3d 32, 38 (1st Cir. 2003). To satisfy the requirements of Rule 23(a), a plaintiff must establish that: (1) "the class is so numerous that joinder of all members is impracticable," (2) "there are questions of law or fact common to the class," (3) "the claims or defenses of the representative parties are typical of the claims or defenses of the class," and (4) "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(1)-(4); *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2548 (2011).

The Court "must conduct a rigorous analysis of the prerequisites established by Rule 23 before certifying a class. *Smilow*, 323 F.3d at 38 (citing *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161 (1982)). In doing so, a court may "probe behind the pleadings. . . to formulate some prediction as to how specific issues will play out." *In re New Motor Vehicles Canadian Export Antitrust Litig.*, 522 F.3d 6, 17 (1st Cir. 2008) (internal citations and quotation marks omitted).

---

[2] As the Court is well aware, defendants often resolve cases in which they have no liability for financial reasons. The fact that Mr. Johansen has previously succeeded in extracting settlements from TCPA defendants is no indication that he is an adequate class representative for claims that will be litigated vigorously, as this case already has been.

This is because "the class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Wal-Mart*, 131 S.Ct. at 2551-52 (quoting Falcon, 457 U.S. at 160).

### A. A Motion To Disqualify Is Ripe for Decision

Defendants may raise issues relating to class certification before the plaintiff moves to certify the class. *See Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 939-41 (9th Cir. 2009) and cases and secondary sources cited therein. *See also Kasolo v. Harris & Harris, Ltd.*, 656 F.3d 557, 563 (7th Cir. 2011) (the court has an independent obligation to decide whether the case can be maintained on a class basis). The court need not delay a ruling on certification if it thinks that additional discovery would not be useful in resolving the class issues. *Id.*, citing 7AA Charles Alan Wright, et al., *Federal Practice and Procedure* § 1785.3, at 470.

### B. Plaintiff's Claims Are Not Typical of the Claims of the Class

Rule 23(a)(3) requires that "the claims or defenses of the representative parties [be] typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Typicality requires that the "class representative. . . suffer the same injury as the class members." *Gen. Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 156 (1982) (internal quotation omitted). The class representatives' claims are "typical" when their claims "arise from the same event or practice or course of conduct that gives rise to the claims of other class members, and . . . are based on the same legal theory."*Garcia-Rubiera v. Calderon*, 570 F.3d 443, 460 (1st Cir. 2009) (internal quotation omitted). "The central inquiry in determining whether a proposed class has 'typicality' is whether the class representative's claims have the same essential characteristics as the claims

of the other members of the class. *Barry v. Moran*, No. 05-cv-10528-RCL, 2008 WL 7526753 at *11 (D. Mass. May 7, 2008) (internal quotation omitted). In evaluating typicality, the Court seeks to ensure that the "named plaintiff[s], in presenting [their] case, will necessarily present the claims of the absent plaintiffs." *Randle v. Spectran*, 129 F.R.D. 386, 391 (D. Mass. 1988) (quoting *Priest v. Zayre Corp.*, 118 F.R.D. 552, 555 (D. Mass 1985)).

Where "a named plaintiff may be subject to unique defenses that would divert attention from the common claims of the class, that plaintiff cannot be considered typical of the class." *In re Bank of Boston Corp. Sec. Litig.*, 762 F.Supp 1525, 1532 (D. Mass. 1991). In fact, the presence of even an *arguable* defense peculiar to a named plaintiff or a subset of the plaintiff class can destroy the required typicality of the class. *CE Design Limited v. King Architectural Metals, Inc.*, 637 F.3d 721, 726 (7th Cir. 2011). *See also Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992); *Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 903 F.2d 176, 180 (2d Cir. 1990). This principle has been applied to a consent defense in TCPA cases. *E.g.*, *Saulsberry v. Meridian Fin. Servs., Inc.*, No. CV146256JGBJPRX, 2016 WL 3455939, at *10 (C.D. Cal. Apr. 14, 2016). *See also Cholly v. Uptain Grp., Inc.,* No. 15C5030, 2017 WL 449176 (N.D. Ill. Feb. 1, 2017) (district court granted motion to strike proposed class based on issues of consent peculiar to named plaintiff).

Plaintiff's consent to the calls alleged here would provide a complete defense to his TCPA claims. The statute explicitly provides that a call, to be unlawful, must be initiated "without the prior express consent of the called party." 47 U.S.C. § 227(b)(1)(A). As the evidence described in the Statement of Facts makes plain, Plaintiff's consent to the calls is *at least* a subject of controversy peculiar to Plaintiff. The evidence strongly supports a conclusion that Mrs. Johansen filled out an online form inviting calls from insurance marketers. When those

calls inevitably came—obviously prompted by the information supplied about Plaintiff—Mr. Johansen neither denied that he had requested an insurance quote nor complained that the call was unwanted. In the December 23, 2015 call, he even told the caller that he had expressly requested a quote during a separate call just hours earlier. In the words of the TCPA, Plaintiff in the earlier call actually gave his express consent to future calls. *Greenberg-Chao Aff.*, Exhibit 12 at p. 90-91.

Although Plaintiff alleges, as he must under the TCPA, that he "did not provide prior express consent to receive telephone solicitation calls on his residential telephone line from, or on behalf of, Defendants," *Complaint*, ¶ 82, the truth of that statement is now very much in doubt. The online form invited a call to the Johansens at their number, 614-791-xxxx, and will inevitably be the subject of much controversy if Plaintiff is permitted to remain as class representative based on calls to that telephone number. *Greenberg-Chao Aff.*, Exhibit 1. Defendants do not have to prevail on this defense to disqualify Mr. Johansen as a representative plaintiff: when such a defense to the class representative's claim is present, his typicality is destroyed. *See CE Design Ltd. v. King Architectural Metals, Inc.*, *supra* at 726. Plaintiff's role as class representative is no longer tenable where he "will become distracted by the presence of a *possible* defense applicable only to him so that the representation of the rest of the class will suffer [emphasis added]." *Id.* This Court should therefore disqualify Mr. Johansen as class representative because he is not typical of the class.

### C. Plaintiff Is Not an Adequate Class Representative

Adequacy requires that "the representative parties will fairly and adequately protect the interest of the class." Fed. R. Civ. P. 23(a)(4); *see Falcon*, 457 U.S. at 156. To meet the adequacy requirement, plaintiffs must show that: (1) "the interests of the representative party will

not conflict with the interests of the class members"; and (2) "counsel chosen by the representative party is qualified, experienced and able to vigorously conduct the proposed litigation." *In re Boston Scientific*, 604 F.Supp. 2d 275, 282 (D. Mass. 2009) (quoting *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 130 (1st Cir. 1985)). Mr. Johansen fails the first prong of this test and, for this reason as well, he must be disqualified.

1. **The Consent Defense Also Makes Plaintiff an Inadequate Class Representative**

The defense of consent to plaintiff's individual claim render him not only untypical of the class, but also an inadequate class representative. *See CE Design Ltd. v. King Architectural Metals, Inc.*, *supra* at 726, and cases cited therein. Even if plaintiff had not engaged in the conduct described below, therefore, he still would not meet the Rule 23(a) adequacy requirement.

2. **Plaintiff's Systematic Activities Relating to Telemarketing Calls Make Him an Inadequate Class Representative**

Courts look with suspicion on representative plaintiffs in TCPA class actions who appear to be in the business of generating TCPA claims. *See, e.g. Ngheim v. Dick's Sporting Goods, Inc.*, 2016 WL 8202696 at *4 (C.D. Cal. Dec. 1, 2016). As explained in the Statement of Facts, Mr. Johansen engages in a systematic effort to generate TCPA claims for himself. He automatically records all of his incoming telephone calls. He carefully maintains a log of calls from telemarketers. He answers all calls from potential telemarketers—including those from whom he has directly or indirectly solicited such calls—and does so in the obvious hope of establishing a TCPA claim. As Plaintiff so frankly put it in testifying about one call, he had a TCPA claim in mind as soon as the "phone rang." *Greenberg-Chao Aff.*, Exhibit 12, at p. 101.

Mr. Johansen also systematically prosecutes the claims he generates. He has filed more than 20 TCPA lawsuits across the country in state and federal courts. In several cases he is represented by the same counsel. These peculiar activities raise serious questions about Mr. Johansen's good faith in claiming the invasion of privacy that the TCPA was designed to protect.

A class representative with that sort of background and its accompanying credibility issues has interests that at least potentially conflict with the interests of other class members. And concerns about Plaintiff's credibility are not just a matter of speculation: Mr. Johansen provided ample reason for them during the phone calls at issue. Not only did he repeatedly feign interest in insurance, he also confirmed specific personal details that the callers had about him—even though some of those details were untrue. *Greenberg-Chao Aff.*, Exhibit 12, at p. 95, 140-143. This Court should find that such a plaintiff as Mr. Johansen is not an adequate class representative.

## CONCLUSION

A "rigorous analysis" of Plaintiff's fitness to serve as class representative leads to an inevitable conclusion. He has engaged in conduct that not only makes his claim vulnerable to a defense peculiar to him but also raises broader questions about his motives and credibility. Mr. Johansen is therefore neither typical of the putative class nor adequate to represent it. He should be disqualified as a class representative and his class allegations should be stricken.


Respectfully submitted,


| LIBERTY MUTUAL GROUP INC. | DIGITAS, INC. |
| By its attorney, | By its attorney, |
| /s/ Anthony A. Froio | /s/ Laura Greenberg-Chao |

Anthony A. Froio (BBO: 554708)  
Manleen Singh (BBO: 686686)  
ROBINS KAPLAN LLP  
800 Boylston Street, 25th Floor  
Boston, MA 02199  
(617) 267-2300  
afroio@robinskaplan.com  
msingh@robinskaplan.com  

Michael D. Reif  
ROBINS KAPLAN LLP  
2800 LaSalle Plaza  
800 LaSalle Avenue  
Minneapolis, MN 55402-2015  
(612) 349-8500  
mrief@robinskaplan.com  

Terry Klein (BBO: 652052)  
Laura Greenberg-Chao (BBO: 650916)  
HENSHON KLEIN LLP  
120 Water Street, 2d Floor  
Boston, MA 02109  
(617) 367-1800  
tklein@henshon.com  
lgreenbergchao@henshon.com  

Michael Dockterman, IL Bar # 3121675  
STEPTOE & JOHNSON LLP  
115 S. LaSalle Street, Suite 3100  
Chicago, IL 60603  
(312) 577-1243  
mdockterman@steptoe.com  

PRECISE LEADS, INC.  
By its attorney,  

/s/ Matthew E. Bown  
Michael S. Batson, (BBO: 648151)  
Matthew E. Bown, (BBO: 687184)  
HERMES, NETBURN, O'CONNOR  
 & SPEARING, P.C.  
265 Franklin Street, Seventh Floor  
Boston, MA 02110  
(617) 728-0050  
mbatson@hermesnetburn.com  
mbown@hermesnetburn.com  

Dated: May 8, 2017

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 8, 2017.

                                                                      /s/              Laura Greenberg-Chao