UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KEN JOHANSEN, individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>   v.<br><br>LIBERTY MUTUAL GROUP, INC.; and SPANISH QUOTES, INC. d/b/a WESPEAKINSURANCE,<br><br>                Defendants,<br><br>LIBERTY MUTUAL GROUP, INC.,<br><br>                Crossclaimant,<br><br>   v.<br><br>SPANISH QUOTES, INC. d/b/a WESPEAKINSURANCE,<br><br>                Crossdefendant,<br><br>LIBERTY MUTUAL GROUP, INC., LIBERTY MUTUAL INSURANCE COMPANY,<br><br>                Third-party Plaintiffs,<br>   v.<br><br>PRECISE LEADS, INC., and DIGITAS,INC.,<br><br>                Third-party Defendants. | NO. 1:15-cv-12920-ADB<br><br>**DEMAND FOR JURY** |

**JOINT MOTION TO LIFT STAY AND SET A CASE MANAGEMENT SCHEDULE**

The parties[1] respectfully request that this Court lift the stay currently in place in this matter and amend the case management schedule, setting deadlines in this case through class certification. In support of this motion, the parties state:

1. Plaintiff filed this proposed class action lawsuit on July 8, 2015. Plaintiff alleged that defendants Liberty Mutual Group Inc. ("Liberty Mutual"), and Spanish Quotes, Inc. d/b/a WeSpeakInsurance ("Spanish Quotes"), violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. (ECF No. 1.)

2. On December 1, 2015, the Court held the initial Rule 16 Scheduling Conference. (ECF No. 47.) At that time, the Court set, *inter alia*, a fact discovery deadline of June 1, 2016. (ECF No. 49.)

3. On March 24, 2016, Liberty Mutual filed a third-party complaint, naming Digitas, Inc. and Precise Leads, Inc. as third-party defendants. (ECF No. 61.) Liberty Mutual also has alleged cross claims against Spanish Quotes. (*Id.*)

4. On April 20, 2016, Digitas moved to dismiss both Plaintiff's complaint and Liberty Mutual's third-party complaint. (ECF No. 69.)

5. On May 16, 2016, Plaintiff moved to extend the discovery deadlines. (ECF No. 92.)

6. On May 27, 2016, the Court granted Plaintiff's motion to extend the discovery deadlines. (ECF No. 109.) The Court adopted the deadlines requested by Plaintiff. (*Id.*)

---

[1] This joint motion is submitted by all parties except Spanish Quotes. Plaintiff reached out to Spanish Quotes' counsel several time by phone and by email to get input on the submission, but received no response.

7. On June 8, 2016, the Court stayed discovery pending a ruling on Digitas's motion to dismiss.

8. This Court denied Digitas's motion on December 8, 2016 (ECF No. 123) and denied Digitas's subsequent motion for interlocutory appeal (ECF No. 124).

9. The deadlines that the Court stayed pending resolution of the motion to dismiss have passed. The parties have conferred and have largely agreed to an amended schedule for completing discovery and class certification. The only difference between the parties' proposed schedules is that Plaintiff requests that the schedule include a deadline for rebuttal expert disclosures, which was not included in the Court's original schedule.

<u>Plaintiff's Position</u>

Plaintiff's request is consistent with Fed. R. Civ. P. 26(a)(2)(D)(ii), which permits a party to submit a rebuttal expert report "within 30 days after the other party's disclosure." To make sure Defendants have time to review the report before their class certification opposition, Plaintiff agrees to produce his rebuttal expert report only eleven days after Defendants make their disclosure(s). Permitting Plaintiff the opportunity to submit a rebuttal report will set the proposed schedule back only six days. By contrast, Defendants' suggestion that Plaintiff file a motion for a rebuttal report is not contemplated by the rules, would be inefficient, and very likely would cause even further delay.

<u>Defendants/Third-Party Defendants' Position</u>

The Defendants/Third-Party Defendants object to Plaintiff's inclusion of Rebuttal Expert Disclosures on the basis that such rebuttal reports were not included in the schedule adopted by the Court on May 27, 2016, which was based on Plaintiff's proposed schedule, and should not be included at this stage of this litigation. Moreover, the Court made it clear when it imposed the

stay in this matter, that if the Court lifted the stay in the future, it would revise the dates on the current schedule in the case only. If Plaintiff believes it needs a Rebuttal Expert, then it can move for leave when the justifying circumstances present themselves.

The parties' respective proposed schedules are as follows:

| EVENT | PLAINTIFF'S PROPOSED DEADLINE | DEFENDANTS/ THIRD-PARTY DEFENDANTS' PROPOSED DEADLINE |
|---|---|---|
| Deadline to Respond to Outstanding Discovery Requests (any documents or ESI being produced shall accompany the written responses) | May 26, 2017 | May 26, 2017 |
| Fact Discovery Deadline | August 4, 2017 | August 4, 2017 |
| Plaintiff's Expert Disclosures (class certification) | September 5, 2017 | September 5, 2017 |
| Class Certification Motion | October 6, 2017 | October 6, 2017 |
| Defendants/Third-Party Defendants' Expert Disclosures (class certification) | October 9, 2017 | October 9, 2017 |
| Plaintiffs' Rebuttal Expert Disclosures | October 20, 2017 | No deadline |
| Expert Discovery Deadline (class certification) | October 27, 2017 | October 23, 2017 |
| Class Certification Opposition | November 2, 2017 | October 27, 2017 |
| Class Certification Reply | November 16, 2017 | November 10, 2017 |

10.     The deadlines set forth above are consistent with the deadline set by the Court on May 27, 2016 with two (2) exceptions. First, in light of the lengthy stay, the parties provided extra time to respond to outstanding discovery requests so that responding parties could have time to revisit where things stood when the case was stayed. Second, the parties extended the

fact discovery period by three (3) weeks to provide an additional buffer in case there are issues related to removing the stay.

11.     Plaintiff reserves the right to seek leave to extend or adjust these deadlines if it appears that resolution of any motion to compel or motion for protective order will prejudice his ability to meet these deadlines.  Defendants/Third-Party Defendants reserve the right to object to any such motion, and to file responses to Plaintiff's letter to the Court dated April 19, 2017 (ECF No. 135).

For the foregoing reasons, good cause exists to lift the stay and amend the case management schedule.  The parties respectfully request that the Court enter a case management schedule with the deadlines set forth in paragraph 9 of this motion.

Dated:  May 10, 2017.                         Respectfully submitted,

| TERRELL MARSHALL LAW GROUP PLLC | ROBINS KAPLAN LLP |
|---|---|
| By:  */s/* Jennifer Rust Murray<br>    Beth E. Terrell, *Admitted Pro Hac Vice*<br>    Email:  bterrell@terrellmarshall.com<br>    Jennifer Rust Murray, *Admitted Pro Hac Vice*<br>    Email:  jmurray@terrellmarshall.com<br>    Mary B. Reiten, *Admitted Pro Hac Vice*<br>    Email:  mreiten@terrellmarshall.com<br>    936 North 34th Street, Suite 300<br>    Seattle, Washington  98103-8869<br>    Telephone:  (206) 816-6603<br>    Facsimile:  (206) 319-5450<br><br>    Edward A. Broderick<br>    Email:  ted@broderick-law.com<br>    Anthony Paronich<br>    Email:  anthony@broderick-law.com<br>    BRODERICK & PARONICH, P.C.<br>    99 High Street, Suite 304<br>    Boston, Massachusetts 02110<br>    Telephone: (508) 221-1510 | By:   /s/ Anthony A. Froio<br>    Anthony A. Froio, BBO #554708<br>    Email: afroio@robinskaplan.com<br>    Manleen Singh, BBO #686686<br>    Email:  msingh@robinskaplan.com<br>    800 Boylston Street – 25th Floor<br>    Boston, Massachusetts 02199<br>    Telephone:  (617) 267-2300<br>    Facsimile:  (617) 267-8288<br><br>    Michael D. Reif, *Admitted Pro Hac Vice*<br>    Email:  mreif@robinskaplan.com<br>    ROBINS KAPLAN LLP<br>    800 LaSalle Avenue, Suite 2800<br>    Minneapolis, Minnesota  55402<br>    Telephone:  (612) 349-8500<br>    Facsimile: (612) 339-4181<br><br>    *Attorneys for Defendant Liberty Mutual Group, Inc.* |

Matthew P. McCue
Email: mmccue@massattorneys.net
THE LAW OFFICE OF MATTHEW P. MCCUE
1 South Avenue, Suite 3
Natick, Massachusetts 01760
Telephone: (508) 655-1415
Facsimile: (508) 319-3077

*Attorneys for Plaintiff and the Proposed Classes*

STEPTOE & JOHNSON LLP


By: /s/ Michael Dockterman
Michael Dockterman, *Admitted Pro Hac Vice*
Email: mdockterman@steptoe.com
115 South LaSalle Street, Suite 3100
Chicago, Illinois 60603
Telephone: (312) 577-1243
Facsimile: (312) 577-1370

Terry Klein
Email: tklein@henshon.com
Laura Greenberg-Chao
Email: lgreenbergchao@henshon.com
HENSHON KLEIN LLP
120 Water Street, Second Floor
Boston, Massachusetts 02109
Telephone: (617) 367-1800
Facsimile: (617) 507-6454

*Attorneys for Third-Party Defendant Digitas, Inc.*

HERMES, NETBURN, O'CONNOR & SPEARING, P.C.


By: /s/ Michael S. Batson
Michael S. Batson, BBO No. 648151
Email: mbatson@hermesnetburn.com
Matthew E. Bown, BBO No. 687184
Email: mbown@hermesnetburn.com
265 Franklin Street, Seventh Floor
Boston, Massachusetts 02110-3113
Telephone: (617) 728-0050
Facsimile: (617) 728-0052

*Attorneys for Third-Party Defendant Precise Leads, Inc.*

CERTIFICATE OF SERVICE

I, Jennifer Rust Murray, hereby certify that on May 10, 2017, I filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Anthony A. Froio, BBO #554708
>Email: afroio@robinskaplan.com
>Manleen Singh, BBO #686686
>Email: msingh@robinskaplan.com
>ROBINS KAPLAN LLP
>800 Boylston Street – 25th Floor
>Boston, Massachusetts 02199
>Telephone: (617) 267-2300
>Facsimile: (617) 267-8288
>
>Michael D. Reif, *Admitted Pro Hac Vice*
>Email: mreif@robinskaplan.com
>ROBINS KAPLAN LLP
>800 LaSalle Avenue, Suite 2800
>Minneapolis, Minnesota 55402
>Telephone: (612) 349-8500
>Facsimile: (612) 339-4181
>
>*Attorneys for Defendant Liberty Mutual Group, Inc.*
>
>Michael S. Batson
>Email: mbatson@hermesnetburn.com
>Matthew E. Bown
>Email: mbown@hermesnetburn.com
>HERMES, NETBURN, O'CONNOR & SPEARING, P.C.
>265 Franklin Street, Seventh Floor
>Boston, Massachusetts 02110-3113
>Telephone: (617) 728-0050
>Facsimile: (617) 728-0052
>
>*Attorneys for Third-Party Defendant Precise Leads, Inc.*

Terry Klein
Email: tklein@henshon.com
Laura Greenberg-Chao
Email: lgreenbergchao@henshon.com
HENSHON KLEIN LLP
120 Water Street, Second Floor
Boston, Massachusetts 02109
Telephone: (617) 367-1800
Facsimile: (617) 507-6454

Michael Dockterman, *Admitted Pro Hac Vice*
Email: mdockterman@steptoe.com
STEPTOE & JOHNSON LLP
115 South LaSalle Street, Suite 3100
Chicago, Illinois 60603
Telephone: (312) 577-1243
Facsimile: (312) 577-1370

*Attorneys for Third-Party Defendant Digitas, Inc.*

DATED this 10th day of May, 2017.


/s/ Jennifer Rust Murray, *Admitted Pro Hac Vice*
Jennifer Rust Murray, *Admitted Pro Hac Vice*