UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| KEN JOHANSEN, individually and on behalf of all others similarly situated, | * | |
| Plaintiff, | * | |
| v. | * | |
| LIBERTY MUTUAL GROUP, INC., and SPANISH QUOTES, INC. d/b/a WESPEAKINSURANCE, | * | |
| Defendants, | * | |
| LIBERTY MUTUAL GROUP, INC., | * | |
| Cross-Claimant, | * | |
| v. | * | Civil Action No. 15-cv-12920-ADB |
| SPANISH QUOTES, INC. d/b/a WESPEAKINSURANCE, | * | |
| Cross-Defendant, | * | |
| LIBERTY MUTUAL GROUP, INC., LIBERTY MUTUAL INSURANCE COMPANY, | * | |
| Third-Party Plaintiffs, | * | |
| v. | * | |
| PRECISE LEADS, INC., and DIGITAS, INC., | * | |
| Third-Party Defendants. | * | |

**<u>MEMORANDUM AND ORDER
ON THIRD-PARTY PLAINTIFF'S MOTION TO CORRECT</u>**

BURROUGHS, D.J.

Plaintiff Ken Johansen ("Johansen") filed a putative class action complaint, [ECF No. 1], alleging that Liberty Mutual Group Inc. ("Liberty Mutual") and Spanish Quotes Inc. ("Spanish Quotes"), doing business as WeSpeakInsurance, called him and others, or caused them to be called, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA"). Johansen subsequently settled with Liberty Mutual and Spanish Quotes, and his claims against them were dismissed with prejudice. [ECF No. 184]. The Defendants were then unable to agree whether Liberty Mutual was entitled to indemnity under the Master Services Agreement ("MSA") between Liberty Mutual and its marketing firm, Digitas, and the associated Aggregator Service Agreement ("ASA") with Spanish Quotes.

On October 2, 2019, the Court found that Digitas and Spanish Quotes had violated their contractual duties to indemnify Liberty Mutual and granted summary judgment (the "October Order"). [ECF No. 214]. Presently before the Court is Liberty Mutual's motion to correct the October Order to set a damages hearing. [ECF No. 219]. For the following reasons, the motion, [ECF No. 219], is DENIED.

**I.      BACKGROUND**

A full recitation of the facts is provided in the Court's October Order. [ECF No. 214 at 4–13]. For purposes of Liberty Mutual's motion to correct the October Order, the following facts provide sufficient background.

Liberty Mutual entered into a marketing agreement with Digitas, a Boston-based marketing firm, which provided that each party would indemnify the other "from and against any and all third party claims, damages, liabilities, costs, and expenses, including reasonable legal fees and expenses . . . to the extent arising out of any breach of any warranty, representation,

covenant, obligation, or agreement by the indemnifying party . . . ." [ECF No. 214 at 4 (quoting ECF No. 195-2 at 11, § 14)]. Digitas in turn entered into a service agreement with Spanish Quotes, which included its own indemnity provision. [Id. at 5 (quoting ECF No. 195-4 at 4–5, § 7.d)].

In 2015, Johansen began to receive "call transfers" in which a third party would call to ask whether he had requested an insurance quote before transferring him to Liberty Mutual to speak to a representative. [Id. at 6 (citing ECF No. 199-3)]. On July 8, 2015, Johansen initiated the underlying putative class action, claiming that the calls violated the TCPA. [Id. at 7 (citing ECF No. 1)].

After Digitas declined to defend or indemnify Liberty Mutual in the class action, [ECF No. 214 at 7–11], Liberty Mutual filed an amended answer to include a third-party claim against Digitas, [id. at 10 (citing ECF Nos. 60, 61)], and a cross-claim against Spanish Quotes, [id.]. The parties ultimately reached a settlement agreement with Johansen. [Id. at 11–13]. Thereafter, on February 28, 2019, both Liberty Mutual and Digitas moved for summary judgment. [Id. at 13 (citing ECF Nos. 191, 195)].

At summary judgment, there was no evidence on the record concerning the amount of Liberty Mutual's alleged damages, nor did Liberty Mutual make a specific request for damages. Rather, in its summary judgment motion, Liberty Mutual asked that "[i]n the event the Court awards summary judgment in favor of Liberty,. . . the Court permit it to submit appropriate affidavit(s) and evidence regarding the legal fees and costs and other damages incurred, as directed by the Court." [ECF No. 195 at 2]. Yet, in its memorandum in support of summary judgment, Liberty Mutual made no argument concerning its damages or the evidence that would be provided at a hearing. See generally [ECF No. 196].

On October 2, 2019, the Court issued its Order, holding that Liberty Mutual is "entitled to indemnification for its attorneys' fees incurred in defending against the Johansen lawsuit." [ECF No. 214 at 27]. The Court granted the motion in favor of Liberty Mutual and determined that Digitas and Spanish Quotes violated their contractual duties to indemnify Liberty Mutual in the underlying Johansen case. [Id. at 29]. The Court entered judgment on that same day, explaining that

> [i]n accordance with the Memorandum and Order entered on October 2, 2019, Liberty Mutual's motion for summary judgment is GRANTED in part, insofar as the Court finds that Digitas and Spanish Quotes violated their contractual duties to indemnify Liberty Mutual, and DENIED in part, insofar as its claim of negligence was premised upon a finding that it was liable to Mr. Johansen for violating the TCPA. Likewise, Digitas' motion for summary judgment is DENIED in part and GRANTED in part.

[ECF No. 215 at 1]. The case was then closed. [Id.].

Digitas filed its appeal on October 31, 2019. [ECF No. 216]. On November 18, 2019, Liberty Mutual filed a motion with the First Circuit Court of Appeals for leave to file a Rule 60(a) motion with this Court. The First Circuit granted the motion but "[took] no position on the merits of [the] Rule 60(a) motion or as to whether Rule 60(a) is the appropriate procedural vehicle for the relief to be sought." Liberty Mutual Ins., et al. v. Digitas, Inc., No. 19-2113, Doc. 00117527141 (1st Cir. Dec. 13, 2019). Liberty Mutual then filed its motion to correct the October Order on December 20, 2019, [ECF No. 219], and Digitas opposed on January 10, 2020, [ECF No. 223].

## II.     STANDARD OF REVIEW

Under Rule 60(a) of the Federal Rules of Civil Procedure, a court may "correct a clerical mistake or mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without

notice." Fed. R. Civ. P. 60(a).  Unlike a motion "to alter or amend a judgment" under Rule 59(e), which must be filed within twenty-eight days of the Court's entry of judgment, Fed. R. Civ. P. 59(e), a motion under rule 60(a) may be filed at any time after judgment enters. Bowen Inv., Inc. v. Carneiro Donuts, Inc., 490 F.3d 27, 28 (1st Cir. 2007).

The motion is an inappropriate vehicle to challenge "the deliberate choice of the district judge." Elias v. Ford Motor Co., 734 F.2d 463, 466 (1st Cir. 1984).

> The relevant test for the applicability of Rule 60(a) is whether the change affects substantive rights of the parties . . . or is instead a clerical, or a copying or computational mistake, which is correctable under the Rule.  As long as the intentions of the parties are clearly defined and all the court need do is employ the judicial eraser to obliterate a mechanical or mathematical mistake, the modification will be allowed.  If, on the other hand, cerebration or research into the law or planetary excursions into the facts is required, Rule 60(a) will not be available.

Bowen, 490 F.3d at 29 (quoting In re W. Tex. Marktg. Corp., 12 F.3d 497, 504–05 (5th Cir. 1994)).

## III.    DISCUSSION

"A motion under Rule 60(a) 'is appropriate where the judgment failed to reflect the court's intention.'" Congregation Jeshuat Israel v. Congregation Shearith Israel, No. 12-cv-00822, 2019 WL 1040337, at *2 (D.R.I. Mar. 5, 2019) (quoting Bowen, 490 F.3d at 29).  For example, in Bachorz v. Miller-Forslund, the district court granted a motion to amend a judgment under 60(a) when the judgment failed to fully account for damages that the court plainly anticipated in its order.  840 F. Supp. 2d 419, 421 (D. Mass. 2012).  In that case, the plaintiffs had an option contract to purchase a commercial property before the end of their lease. Id. at 420.  Because the defendants wrongfully prohibited the purchase, however, the plaintiffs had to pay rent through the end of their lease and then lease a new location.  Id.  The court originally ordered specific performance of the option to buy the commercial property and awarded

damages in the amount that the plaintiffs had to pay in rent on the new property. Id. The plaintiffs then moved to amend the judgment to include damages for the rent that they paid on their original lease, which they would not have paid had they been able to purchase the property. Id. The court granted the motion to award the additional damages, because "[t]he court's omission from its calculation of damages of rent [p]laintiffs paid after the operative date of the option to purchase but before the end of the [l]ease is exactly the type of 'oversight or omission' that Rule 60(a) allows the court to correct." Id. at 421. The court explained that it was "not changing its substantive or legal analysis . . . but merely recalculating its arithmetic to determine Plaintiffs' appropriate damages based upon the substantive rulings it previously made." Id.

On the other hand, "a motion to augment a previously entered judgment by adding discretionary prejudgment interest is properly classified as a motion to alter or amend the judgment, and, thus, must be brought under Rule 59(e)." Crowe v. Bolduc, 365 F.3d 86, 91 (1st Cir. 2004) (citing Osterneck v. Ernst & Whitney, 489 U.S. 169, 175 (1989)).

> Even if a plaintiff includes a demand for pre-decision interest in its complaint, "[s]uch requests obviously may be overlooked or denied, and the absence of a provision for [such] interest in any of the court's prejudgment orders is entirely consistent with the hypotheses that the court either was unaware of the request or intended simply to deny it. In either case, the failure of [a] Judgment to award such interest is an accurate reflection of the court's decision," and hence cannot be corrected under Rule 60(a).

Paddington Partners v. Bouchard, 34 F.3d 1132, 1139 (2d Cir. 1994) (emphasis omitted) (quoting In re Frigitemp Corp., 781 F.2d 324, 328 (2d Cir. 1986)).

The Court finds that adding a specific damages amount to the judgment in this case, when no such amount was ever provided and where the record lacks any evidence on the issue, would be more like the addition of prejudgment interest in Bolduc rather than merely accounting for forgotten damages as in Bachorz. Rule 60(a) is an inappropriate mechanism to request a specific

damages amount, where making such a determination would plainly require more than "employ[ing] the judicial eraser to obliterate a mechanical or mathematical mistake . . . ." Bowen, 490 F.3d at 29.  Here, in order to include a specific damages amount in the judgment, the Court would first need to determine "reasonable legal fees" according to the contract, [ECF No. 214 at 4], and then whether Liberty Mutual was entitled to damages for its legal fees arising from its own third-party complaint against Digitas and Spanish Quotes, in addition to the legal fees incurred in defending itself against the underlying Johansen action.  Finally, any damages amount may need to be reduced by the amount in indemnity that Liberty Mutual has already received from a previous settlement with former Third-Party Defendant Precise Leads.  [ECF No. 213].

Determining damages would have necessitated "brand new proceedings on brand new issues and a brand new adjudication on those issues," as Digitas observes.  [ECF No. 223 at 8].  The decision to close the case was not  a "clerical, or a copying or computational mistake," Bowen, 490 F.3d at 29, particularly where there was no evidence before the Court relating to any specific damages amounts, the parties had made no argument in support of any estimate of damages, and there was no argument in support of a hearing to determine damages.  See generally [ECF Nos. 191, 192, 193, 194, 195, 196, 197, 198, 200, 201, 202, 203, 204, 205, 206, 207].

In the event that Digitas continued to refuse to provide payment or the parties could not agree on the indemnity amount owed, Liberty Mutual could have filed a motion to reopen the case and for a hearing to determine damages, which no doubt would have required an evidentiary hearing, or Liberty Mutual could have filed a motion to enforce the judgment.  Alternatively, Liberty Mutual could have filed a motion under Rule 59(e) within twenty-eight days of the

Court's October Order.  Instead, an appeal was filed, which divested this Court of jurisdiction and made a subsequent evidentiary hearing untimely.

Though the Court finds that a motion under Rule 60(a) is inappropriate at this juncture, it takes issue with Digitas' characterization of the October Order in arguing that "[i]f the Court conducts an evidentiary hearing on damages and ultimately makes an award, the amount of damages will change from *nonexistent* to a fixed dollar amount owing [sic] by Digitas." [ECF No. 223 (emphasis added)].  Though the Court did not make a specific finding regarding exact dollar amounts, it did determine, in a final order and judgment, that Digitas breached its contractual obligations to Liberty Mutual and owed Liberty Mutual any attorneys' fees that Liberty Mutual unnecessarily incurred in defending itself.  [ECF No. 214 at 27].  The Court reminds the parties that, per its October Order, Liberty Mutual is "entitled to indemnification for its attorneys' fees incurred in defending against the Johansen lawsuit."  [Id.].

The legal question of whether Digitas and Spanish Quotes violated their contractual duties to indemnify Liberty Mutual is now before the First Circuit.  Depending on the Appellate Court's view of the case, the Court may eventually be in a position to have an evidentiary hearing and make the factual findings necessary to determine the amount of money that Liberty Mutual is owed under the contract for Digitas' failure to indemnify Liberty Mutual in the underlying Johansen lawsuit as it was required to do.  Further, Liberty Mutual will still be in a position to file a motion to enforce the judgment or reopen the case in the event that the parties cannot agree on what Liberty Mutual is due in light of Digitas and Spanish Quotes' breach of the agreement and the legal fees incurred by Liberty Mutual as a result.  At this point, however, with the case pending before the First Circuit, it would be inappropriate for the Court to reopen discovery and hold a damages hearing to determine the specific damages owed.

## IV. CONCLUSION

Accordingly, Liberty Mutual's motion to correct the Court's October Order, [ECF No. 219], is <u>DENIED</u>.

**SO ORDERED.**

June 8, 2020  /s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE