```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS

 KEN JOHANSEN, individually and    )
 on behalf of all others           )
 similarly situated,               )  Civil Action
         Plaintiff,                )
 v.                                )  No. 1:15-cv-12920-ADB
                                   )
 LIBERTY MUTUAL GROUP, INC.; and   )
 SPANISH QUOTES, INC. D/b/a        )
 WESPEAKINSURANCE,                 )
       Defendants,                 )
 LIBERTY MUTUAL GROUP, INC.,       )
       Crossclaimant,              )
 v.                                )
                                   )
 SPANISH QUOTES, INC. D/b/a        )
 WESPEAKINSURANCE,                 )
       Crossdefendant,             )
                                   )
 LIBERTY MUTUAL GROUP, INC.,       )
 LIBERTY MUTUAL INSURANCE          )
 COMPANY,                          )
       Third-party plaintiffs,     )
                                   )
 v.                                )
                                   )
 PRECISE LEADS, INC., and          )
 DIGITAS, INC.,                    )
       Third-Party Defendants      )
                                   )
```

BEFORE:  HONORABLE ALLISON D. BURROUGHS

STATUS CONFERENCE

John Joseph Moakley United States Courthouse
Courtroom No. 10
1 Courthouse Way
Boston, MA 02210

November 5, 2024
10:00 a.m.

Valerie A. O'Hara
Official Court Reporter
John Joseph Moakley United States Courthouse
1 Courthouse Way
Boston, MA 02210
E-mail: vaohara@gmail.com

APPEARANCES:

For the Third-Party Plaintiffs Liberty Mutual Insurance Company:

    Robins Kaplan LLP, by LAUREN J. COPPOLA, ATTORNEY, and MANLEEN SINGH, ATTORNEY, 800 Boylston Street, Suite 2500, Boston, MA 02199;

For the Third-Party Defendant Digitas:

    Steptoe LLP, by MICHAEL DOCKTERMAN, ESQ., 227 West Monroe St., Suite 4700 Chicago, IL 60606;

    Henshon Klein LLP, by LAURA GREENBERG-CHAO, ATTORNEY, 37 Walnut Street, Suite 110, Wellesley, MA 02481.

|  | PROCEEDINGS |
|---|---|
| 1 | |
| 2 | THE CLERK:  This is Civil Action 15-12920, |
| 3 | Johansen vs. Liberty Mutual Group, Inc.  Will counsel |
| 4 | identify themselves for the record. |
| 5 | MS. COPPOLA:  Good morning, your Honor, Lauren Coppola |
| 6 | on behalf of the Liberty Mutual parties. |
| 7 | MS. SINGH:  Good morning, your Honor, Manleen Singh on |
| 8 | behalf of Liberty Mutual parties. |
| 9 | MR. DOCKTERMAN:  Good morning, your Honor, |
| 09:59AM 10 | Michael Dockterman on behalf of Digitas. |
| 11 | MS. GREENBERG-CHAO:  Good morning, your Honor, |
| 12 | Laura Greenberg-Chao, local counsel for Digitas. |
| 13 | THE COURT:  Okay.  Well, just for starters, I only |
| 14 | reopened the case because it was remanded back.  That was not |
| 15 | any sort of ruling on any sort of merit, that was just it comes |
| 16 | back, and I reopen it.  So, and I know that there is some |
| 17 | opposition to the reopening, but that is a nonevent, it's just |
| 18 | a bureaucratic administrative thing. |
| 19 | So, that said, there wasn't much in response to the |
| 10:00AM 20 | merits of the thing, and I'm not really sure that I have the |
| 21 | authority to do anything on this, so who wants to go first? |
| 22 | MR. DOCKTERMAN:  Your Honor, if you're asking, but, |
| 23 | please. |
| 24 | THE COURT:  Ladies before gentlemen. |
| 25 | MS. COPPOLA:  Thank you, your Honor, good morning.  So |

1     from what I understand, your Honor, the case has been
2     administratively reopened, and it will stay that way.  I think
3     what's before the Court --
4           THE COURT:  It's not going to stay that way forever.
5           MS. COPPOLA:  Understood.  Understood.  You'd like to
6     be finally done with this case.  The way I see it, your Honor,
7     is that as Liberty sees it, your Honor, is that this Court
8     contemplated it as well as the First Circuit that the time
9     would come where if the parties didn't agree on the fees and
10:00AM 10    costs that Liberty was entitled to under the indemnification
11    clause, which everyone is, all the parties -- all orders have
12    now ruled Liberty is entitled to its indemnification under the
13    contract.
14          So as this Court contemplated, Liberty could reopen
15    the case and conduct a damages assessment hearing.  If your
16    Honor is inclined, if the Court is inclined to hear argument as
17    to whether or not Liberty has waived the right to seek its
18    damages, then I would ask the Court for a full briefing
19    schedule on that, however, I think what this Court has already
10:01AM 20    ruled in multiple orders is that the Liberty is entitled, it
21    reminded the parties that ECF 224 that Liberty is entitled to
22    indemnification of its attorney's fees incurred in defending
23    against the Johansen lawsuit, so what Liberty would like to do,
24    recommends this Court do is set a briefing schedule for it to
25    present the evidence on its damages and conduct a hearing, if

1    this Court thinks it's necessary.
2             THE COURT:  Why didn't you already do that?
3             MS. COPPOLA:  I'm sorry, your Honor.
4             THE COURT:  Why didn't you do that in the briefing
5    that we've had?
6             MS. COPPOLA:  In the briefing that we had in
7    connection with the summary judgment?
8             THE COURT:  No, the briefing in connection with why
9    I'm sitting here.
10:02AM 10            MS. COPPOLA:  So the briefing, your Honor, that we put
11   forward was as scheduled because we could not agree on a
12   schedule with Digitas.  And so, your Honor, we'll happily file
13   it in a week's time.  It's a lot of materials over the course
14   of five years.
15            Liberty has been diligently putting together its
16   damages record to present to this Court, and we'll happily do
17   so as soon as this Court orders it be due.
18            THE COURT:  How much money are we talking about,
19   ballpark?
10:02AM 20            MS. COPPOLA:  Millions, your Honor, about 2.  And
21   we're putting together, your Honor, affidavits with legal fee
22   invoices properly redacted.
23            THE COURT:  I'm not concerned about the amount, I'm
24   concerned about the waiver argument -- I mean not waiver, the
25   time has past, Liberty didn't do anything.

|    |    |
|----|----|
| 1  | MS. COPPOLA: Your Honor, the case was on appeal for |
| 2  | all that time, and it is just -- the appeal order just came |
| 3  | out, and I have the dates in front of me if you give me one |
| 4  | moment. |
| 5  | THE COURT: I know the dates. It's not that, you |
| 6  | missed the Rule 59 deadline, you missed the Rule 60 deadlines. |
| 7  | I mean I've looked back over the materials this morning. We |
| 8  | never said you could file all your papers for fees later, what |
| 9  | we said was we may be in a position later, and that's like if |
| 10:03AM 10 | the First Circuit sent it back, they remanded before they made |
| 11 | a decision. |
| 12 | There's all sorts of way we could have had |
| 13 | jurisdiction or authority to do that, and I'm not sure we did |
| 14 | anymore. |
| 15 | MS. COPPOLA: What the Court -- this Court, your |
| 16 | Honor, had said on that limited remand was it could have |
| 17 | done -- it had a damages assessment hearing. If the |
| 18 | First Circuit remanded back to this Court, or, in the |
| 19 | alternative, wait until the First Circuit ruled on the |
| 10:04AM 20 | liability issue, and then conduct a damages assessment here. |
| 21 | This Court looked at both of those avenues. |
| 22 | The COURT: It didn't say that I would, it said I |
| 23 | could, but there needs to be a procedural mechanism for that. |
| 24 | Just back it up. Why didn't Liberty file anything? Why didn't |
| 25 | they preserve their rights on this? |

1          MS. COPPOLA: So, your Honor, I'd submit that Liberty
2   did in its motion for summary judgment. It requested the Court
3   provided the opportunity to present a fulsome of record with
4   affidavits. It's in its summary judgment motion that it filed
5   many years ago, your Honor, so it did preserve its right to do
6   that. It's ECF 195, which is its motion for summary judgment
7   in which Liberty states, "It respectfully requests the Court
8   permitted to submit appropriate affidavits and evidence
9   regarding the legal fees, costs, and other damages incurred."
10         This Court has ordered, your Honor, that Digitas
11  breached its contractual indemnification.
12         THE COURT: Agreed.
13         MS. COPPOLA: Inherent in that, your Honor, is its
14  obligation to pay those fees.
15         THE COURT: Correct.
16         MS. COPPOLA: If Digitas could agree, we come to an
17  agreement. We've had a mediation. It proved unsuccessful
18  while the appeal was pending. There is a judgment which
19  requires a monetary payment. What is in dispute right now is
20  the amount of that payment, so this Court has already ordered
21  the payment of fees, your Honor. There have been no waiver of
22  any right --
23         THE COURT: Okay.
24         MS. COPPOLA: Any right to obtain those fees, it's
25  already been ordered.

1          THE COURT: Okay. Where was it ordered?

2          MS. COPPOLA: In your Honor's summary judgment order.

3          THE COURT: Okay. I will go back and take a look at

4    that. I did not look at that this morning.

5          MS. COPPOLA: And, your Honor, I would, again, I would

6    request that if this Court is entertaining a waiver argument

7    that the Court allow a briefing to be a fulsome briefing to be

8    conducted on it.

9          THE COURT: I will let you do a fulsome briefing on

10:06AM 10   the waiver argument. It doesn't need to include all the

11   damages calculations because I'm not going to get there until I

12   get past the waiver. If you want to do it all at once, you

13   can, but I'm not sure you want to where you might be getting

14   zero.

15         MS. COPPOLA: Understood, your Honor.

16         THE COURT: If you want to brief the waiver argument,

17   that's fine, we'll set a schedule for that. It seems to

18   me -- well, I'm going to hear from Mr. Dockterman or local

19   counsel if you're going to speak, but it seems to me like this

10:06AM 20   is a business dispute that you should be able to resolve by

21   mediation or otherwise, but...

22         MS. COPPOLA: Understood, your Honor, thank you.

23         THE COURT: Whatever I do, this is going back up on

24   appeal, and, right, and then we can start this all over again,

25   and the First Circuit did not feel particularly speedy on this.

1   MS. COPPOLA: I understand, your Honor, but I would
2   just again remind the Court that you can order that Liberty was
3   entitled to indemnification of its fees, and so really here
4   that is -- indemnification truly, your Honor, it's a liquidated
5   category of fees. It's set forth in that contract.
6   THE COURT: Okay.
7   MS. COPPOLA: And really what we're fighting about is
8   the dollar amount.
9   THE COURT: Okay. I will go back and look at that.
10:07AM 10   MS. COPPOLA: Thank you, your Honor.
11   THE COURT: But what I will say, and, again, I'm going
12   to hear from you on this, but what I will say is that you
13   should have indemnified them, so you're bad, and they should
14   have preserved their rights better, so they're bad. So why
15   don't you split it down the middle and call it a wrap.
16   What you're going to be spending on the appeal, what's
17   the interest that's accruing on the thing, I mean this seems
18   ridiculous to me.
19   MR. DOCKTERMAN: Your Honor, we could not agree more.
10:07AM 20   I don't mean to breach any of the rules that we agreed to
21   follow when we were in front of Judge King in the
22   First Circuit, who is the mediating judge in the First Circuit,
23   but I will say to you we tried, and I had several conversations
24   with Judge King after the mediation failed, and we asked for
25   further inquiries, you know, is there any interest on Liberty's

1       side?

2              We never got a moment's interest from them other than

3       100 percent, we want 100 percent, and that number keeps going

4       up.  I shouldn't say anymore than that.

5              THE COURT:  Yes.

6              MR. DOCKTERMAN:  But you're right, okay, but we didn't

7       do that, we couldn't get that done.

8              THE COURT:  I wish I heard that a little more, I never

9       hear that, "you're right."

10:08AM  10     MR. DOCKTERMAN:  On many, many things, your Honor, we

11      are in complete agreement.  The thing that's unsettled is the

12      thing that my friends raise, which is did you say,

13      And you're entitled to damages?  And if you go back and look at

14      your ruling, you didn't, you said you're entitled to indemnity.

15      They didn't file a Rule 59 motion to reopen the judgment so

16      that they could submit damages, and they didn't file a Rule 60

17      motion that would give them any opportunity to do that, and

18      when I noticed the appeal; they didn't cross-appeal saying you

19      made an error but not giving them damages, so the three

10:09AM  20     opportunities that they had to seek this, they call it waived,

21      they just missed the deadline, and there is no procedural

22      mechanism under the federal rules to allow them to do that now.

23             Rule 6 makes it very clear that the Court doesn't have

24      the authority to extend those dates, and I'm happy to brief

25      that.  That's why we submitted the paper that we did.  We don't

```
 1      object to the reopening of the case, we object to the setting
 2      of the damages hearing, and I think the Court understands that.
 3             It's ironic, if I were a Liberty Mutual policyholder
 4      and I tried to submit a late claim, what do you think
 5      Liberty Mutual would say to me, and yet when we pointed out to
 6      them and we've been pointing out to them for years, you didn't
 7      follow the rules, they say oh, we can ask for damages any time
 8      we want to, so I would like to finish the briefing on that and
 9      come back and argue that in front of you, your Honor, if you'd
10      like to hear it.  That all needs to be done before we ever get
11      to the issue of how much the damages are.
12             THE COURT:  Right, we agree.  I don't want them to
13      spend too much time.  You don't need to respond to the amount
14      until we rule on the issue of whether any -- but I'm just going
15      to say again, this is a zero sum game.  You're going to get it
16      all or you're going to get none of it.  You're going to be on
17      the hook for all of it or none of it, and we're likely looking
18      at a significantly more delay, assuming that someone is going
19      to appeal whatever I do here, so this seems ripe for resolution
20      among the parties, right?
21             So, you know, you can be a little generous and they
22      can be a little more flexible, but how long do you want to
23      brief it?  It will be your opening brief, right?
24             MS. COPPOLA:  Yes, your Honor, thank you.  Two weeks.
25             THE COURT:  Yeah, I'm not in any big hurry.
```

|    |    |
|----|----|
| 1  | MS. COPPOLA: Then, your Honor, considering we're up |
| 2  | against the holidays, would it be okay with your Honor if we |
| 3  | confirm with opposing counsel just to make sure it works with |
| 4  | everyone's holiday schedule, submit a joint stip? |
| 5  | THE COURT: Correct. |
| 6  | MS. COPPOLA: Thank you, your Honor. |
| 7  | THE COURT: Obviously, the body is in the morgue, we |
| 8  | don't have to be in any rush, all right? |
| 9  | MR. DOCKTERMAN: Your Honor, one thing I would say to |
| 10:11AM 10 | you is when the First Circuit sent it back down, and obviously |
| 11 | they loved this case as much as you do, and they took a long |
| 12 | time dealing with it, they describe this as a paradigmatic |
| 13 | District Court case. I don't know what the First Circuit ends |
| 14 | up doing, you're probably right, whatever happens if we ask you |
| 15 | to go all the way, one or the other of us will go, but having |
| 16 | already been told this sits in your lap, any other issues that |
| 17 | the Court would like us to address, happy to do so. |
| 18 | THE COURT: Well, the First Circuit loves to say |
| 19 | things paradigmatic on a District Court case, it just means |
| 10:12AM 20 | they're punting, and they want to see what we're going to do |
| 21 | and then they'll criticize it again. They in my view, they |
| 22 | could have cut this all short by ruling on the issue of |
| 23 | damages, not the amount. |
| 24 | That is the paradigmatic District Court issue is what |
| 25 | the amount of damages would be, I think, but whether or not |

1   you're entitled to them at this point, they should have -- I
2   don't know why they didn't either send it back to begin with or
3   rule on it.
4          MR. DOCKTERMAN:  We're all stuck with it, so we'll
5   talk about a briefing schedule and submit it to your Honor, and
6   we'll get the papers in front of you and come back at a
7   convenient time.
8          THE COURT:  All right.  You should figure out if
9   there's some path to an equally unsatisfactory resolution
10:12AM 10  before you spend all the time briefing it, so just saying.
11  Just a thought.
12         We're always open to that.
13         THE COURT:  Thanks, everyone.
14         MS. COPPOLA:  Thank you.
15         THE COURT:  You can either submit a schedule or you
16  can just file the thing when you're ready and they'll respond.
17         MS. COPPOLA:  Understood.
18         THE COURT:  Either way is fine.
19         MR. DOCKTERMAN:  Thank you very much, your Honor.
20         (Whereupon, the hearing was adjourned at 10:12 a.m.)
21
22
23
24
25

```
 1                    C E R T I F I C A T E

 2

 3    UNITED STATES DISTRICT COURT )

 4    DISTRICT OF MASSACHUSETTS ) ss.

 5    CITY OF BOSTON )

 6

 7           I do hereby certify that the foregoing transcript,

 8    Pages 1 through 14 inclusive, was recorded by me

 9    stenographically at the time and place aforesaid in Civil

10    Action No. [!DOCKET NUMBER]-FDS, [!PLAINTIFF] vs. [!DEFENDANT]

11    and thereafter by me reduced to typewriting and is a true and

12    accurate record of the proceedings.

13           Dated November 14, 2024.

14

15                          s/s Valerie A. O'Hara

16                          _____

17                          VALERIE A. O'HARA

18                          OFFICIAL COURT REPORTER

19

20

21

22

23

24

25
```